## BRADBURY v. BRANCH.

### No. 5224.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Arthur C. Watson, of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

DREW, Judge.

Petitioner, alleging he is a collateral heir of Lizzie Bradbury, deceased, whom he alleged was his sister, instituted this suit against her child, claiming the estate left by his sister. He alleged defendant was an adulterous bastard and therefore could not inherit from her mother.

In answer defendant admits her mother died intestate and that she is the child of Lizzie Bradbury and Johnson Edwards, who was an unmarried man, and that during the period of his cohabitation with her mother and at the time of her birth there was no legal impediment to the freedom of her mother and father to contract a valid and legal marriage.

The following agreement was entered into on trial of the case below, which restricts the issues to the one question of fact only, which is shown by the agreement. It is as follows:

"In order to restrict the testimony on the trial of the above cause to the vital issue involved and in order to facilitate the trial of said cause, it is agreed by and between the attorneys for the plaintiff and defendant, as follows:

"1. That Lizzie Bradbury owned at her death the property described in the petition; that she died intestate; and that her estate owed no debts.

"2. That the brothers and sisters named in the petition and their descendants are her collateral heirs and as such are called to the inheritance unless excluded by an acknowledged natural child.

"3. That defendant is the daughter of Lizzie Bradbury, the issue of her cohabitation with one Johnson Edwards. Johnson Edwards was married in the fall of 1888 to one Laura Edwards.

"4. If the defendant, Rosa Edwards Branch, was born prior to 1888, the year her father married, then she is the acknowledged natural child of her mother, Lizzie Bradberry, and inherits the property to the exclusion of the collateral relations, since

there was no legal impediment at that time to a valid marriage between the father and mother, had they seen fit to contract marriage."

After hearing the testimony on this point, the lower court found for defendant, and plaintiff has appealed.

The only question presented, under the agreed statement of facts, is, Was the defendant conceived or born prior to the year 1888? All the witnesses in the case are old negroes who lived on the same or adjoining plantations where defendant's mother and father lived. None of them knows his or her age. The preponderance of their testimony is that the defendant was born prior to 1888, and that before Johnson Edwards, her father, married Laura Edwards (in 1888), she was walking and playing around as a small child will do. It is unnecessary to recite from this testimony, and it would be of no benefit to any one.

The lower court heard and saw all the witnesses and was convinced that defendant was born prior to 1888. Only facts are involved, and there is certainly no manifest error in the judgment of the lower court.

It is therefore affirmed, with costs.